IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSE LEANDRO MARTINEZ-MORALES,

        Petitioner,

v.                                              No. CIV 10-227 MV/LFG

RAY TERRY, Warden,

        Respondent.

## ORDER FOR APPOINTMENT OF COUNSEL

THIS MATTER is before the Court *sua sponte*.  Petitioner Jose Leandro Martinez-Morales ("Martinez") brings a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1], alleging that his continued detention by Respondent is unlawful and violates his due process rights.

Martinez is a citizen of Guatemala.  On June 15, 2006, he was admitted as a legal permanent resident of the United States. [Doc. 1, pp. 3-4.] According to his Petition, Martinez has been married to a "permanent resident" for 18 years and is father to four children who are citizens of the United States.

Martinez has two prior convictions of larceny in 1991 and a burglary offense in 2009. [Doc. 1, p. 4; Doc. 11, p. 2.] Based on these charges the Department of Homeland Security ("DHS") ordered Martinez be detained pending a final determination of his removability by an immigration judge.  On September 10, 2009, DHS executed an arrest warrant and placed Martinez in custody.  He has been in custody since that date while participating in immigration proceedings.  There is no final order of removal in place.

1

On July 29, 2010, Respondent filed a motion to dismiss, without prejudice.  Martinez did not file a response, and the time for doing so has expired.

According to the Respondent's motion, at least some of the immigration proceedings have been continued due to action or inaction of the immigration judge or DHS.   [Doc. 11, p. 3.] Indeed, in March 2010, the immigration judge issued an adverse ruling to DHS, and DHS filed an appeal on the merits that is currently pending before the Bureau of Immigration Appeals ("BIA").  Based on the immigration judge's March Order to terminate removal proceedings, Martinez filed a new motion requesting bond.  However, that request was denied, and Martinez's bond appeal is also pending before the BIA.

In the motion to dismiss, Respondent accurately states that Martinez is not entitled to relief under Zadvydas v. Davis, 533 U.S. 678 (2001), because he is not subject to a final removal order at this time.  However, Respondent argues that Martinez did not exhaust his administrative remedies with respect to any challenge to the length of his pre-trial detention, and further that the pending appeals before the BIA demonstrate Martinez still has administrative remedies available to him.

Rather than issue a recommendation on the motion to dismiss, the Court elects to appoint counsel for Martinez.  A court may appoint counsel in habeas matters, including under 28 U.S.C. § 2241, if the interests of justice so require.  *See* Snyder v. Ortiz, 236 F. App'x 465, 467, 2007 WL 1678009 (10th Cir. June 12, 2007) (unpublished opinion) (*citing* 18 U.S.C. § 3006A(a)(2)(B)).  The Court determines that the interests of justice require appointment of counsel in this case where the area of law is new and evolving.  *See, e.g.,* Rodrigues v. Holder, 2010 WL 830929, *5 (M.D. Pa. Mar. 4, 2010) (unpublished opinion) (discussing a series of considerations the court might address in determining whether a period of detention is reasonable in pre-final order of removal cases); Prince v. Mukasey, 593 F. Supp. 2d 727, 734-35 (M.D. Pa. Dec. 11, 2008) (noting that "the case law review

2

. . . reveals that many courts either have determined or are moving in the direction of finding that detention of pre-final order removal detainees for a lengthy period may raise constitutional concerns").

The Court acknowledges that the Tenth Circuit Court of Appeals, in a factually distinguishable case, held that exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief, notwithstanding that the statute itself does not expressly contain such a requirement. Garza v. Davis, 596 F.3d 1198, 1203 (10th Cir. 2010). In Garza, the Tenth Circuit further noted that a narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile. Id. Based on the present facts and the uncertain state of the law regarding the reasonableness of detention in pre-final removal order cases, the Court concludes that additional briefing by appointed counsel would be helpful.

The Court recognizes that generally speaking, there is no constitutional right to counsel beyond the direct appeal of a criminal conviction. Coronado v. Ward, 517 F.3d 1212, 1218 (10th Cir.), *cert. denied*, 129 S.Ct. 134 (2008). However, appointment of counsel in habeas proceedings is left to the court's discretion. Pride v. Herrera, 28 F. App'x 891, 895, 2001 WL 1545768 (10th Cir. Dec. 5, 2001); Swazo v. Wyoming Dep't of Corr. State Penitentiary Warden, 23 F.3d 332, 333 (10th Cir. 1994).

Because of the complexity of the law and the nature of the factual issues raised by Petitioner's claims, the Court determines that the interests of justice warrant appointment of counsel in this case.

IT IS THEREFORE ORDERED that counsel be appointed in this case, at which point counsel will be allowed thirty (30) days to supplement the pertinent pleadings or file a response to the motion to dismiss.

_Lorenzo F. Garcia_
Lorenzo F. Garcia
United States Magistrate Judge